UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| de'CARLOS FREEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:14 CV 1989 |
| vs. | ) | |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS COMMISSIONER, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

de'Carlos Freeman, a *pro se* prisoner, was granted leave to proceed against Major George Payne in his individual capacity for monetary damages for using excessive force on October 8, 2013. The defendant moves for summary judgment on the ground that Freeman failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE # 28.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in her own pleadings, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *See Jones v. Bock,* 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not

considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances to exhaust. *Id.* at 812; *see also Schultz v. Pugh,* 728 F.3d 619, 621 (7th Cir. 2013) (plaintiff must demonstrate that a person of "ordinary firmness" would have been deterred from exhausting under the circumstances). When there are disputed issues of fact pertaining to whether the plaintiff exhausted or was precluded from doing so, the court is required to hold a hearing to resolve those disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Here, Freeman tendered his original complaint for mailing on October 14, 2014. (DE # 2 at 8.) The record shows that Freeman was housed at the Westville Correctional Facility at all relevant times. (*Id.* at 2.) Westville had a grievance process in place under which an inmate could grieve a broad range of issues, including the actions of jail staff and jail polices. (DE # 30-1, Stobaugh Aff. ¶ 7 & DE # 30-2, Standard Operating Procedure 00-02-301 ("Grievance Policy")). Under the policy, an inmate is required to attempt to informally resolve his complaint by speaking with a member of the jail staff. (DE # 30-1, Stobaugh Aff. ¶ 10; DE # 39-1 at 14.) If the inmate is dissatisfied with the response, he must file a formal grievance. (*Id.* at ¶ 11.) An inmate must file a written grievance within 20 business days of the event or issue about which he is complaining. (*Id.*) If within 7 working days after

submitting a grievance an offender does not receive either a receipt indicating the grievance was received, or a form explaining that his grievance was rejected, the offender is required to notify the counselor/case manager and executive assistant. (*Id.* at ¶ 12.) If the grievance is not resolved in a satisfactory manner or if he did not receive a grievance response within twenty-five working days of submitting the grievance, the offender may pursue the issue by filing an appeal to the DOC's Grievance Manager. (*Id.* at ¶ 13.)

A record is kept of all inmate grievances and appeals, and those records show that during his time at the jail, Freeman filed various grievances. (*Id.* ¶ 18 & DE # 30-3, Grievance Log.) However, none of these grievances were made about the alleged excessive force of Major Payne in October 2013. (Stobaugh Aff. ¶¶ 19-20; DE # 30-3, Grievances.) Based on these facts, the defendants request dismissal pursuant to 42 U.S.C. § 1997e(a).

Freeman filed three responses, asserting that jail staff failed to document a timely formal grievance he submitted so as to purposely interfere with his ability to exhaust. (DE ## 38, 40, 41.) He also claims to have filed two additional grievances, which were rejected as being untimely even though he was unable to file them any earlier. (DE # 38 at 2.) Under the applicable law, Freeman could be excused from failing to exhaust if the grievance process was effectively unavailable to him. *Kaba*, 458 F.3d at 684; *Dole*, 438 F.3d at 809. At present, however, Freeman has offered only vague assertions about his attempts to exhaust, and an inmate must offer specifics to create a genuine issue of material fact. *See Schultz*, 728 F.3d at 620 (since prisoner failed to set forth specifics about why he was unable to exhaust, summary judgment for the defendants was proper); *Dale v. Lappin*, 376 F.3d 652,

655-56 (7th Cir. 2004) (plaintiff who offered concrete details in a sworn statement submitted enough to defeat summary judgment, whereas vague assertions are not sufficient to create a genuine issue of fact on exhaustion issue). Here Freeman does not provide specifics of the grievances that he claims were mishandled and wrongfully denied. He also does not provide dates or any other details pertaining to his attempts at exhausting his administrative remedies. Further, his statements are not submitted in the form of an affidavit or otherwise made under penalty of perjury.

Nevertheless, the court is cognizant that Freeman is proceeding *pro se*, and there may be some confusion about how to properly respond to the motion for summary judgment. What he has filed indicates that he may be able to establish an issue of fact requiring a *Pavey* hearing, but more detail is needed about the date or dates when he tried to invoke the grievance process, to whom he gave these grievances, how they responded, and precisely what actions he took to exhaust before he brought this action. If he did not take reasonable and timely steps to invoke the grievance process before filing suit, then he did not properly exhaust in accordance with 42 U.S.C. § 1997e(a) and his case must be dismissed. *See Pozo*, 286 F.3d at 1025 (inmate must comply with time deadlines to properly exhaust); *Dole*, 438 F.3d at 809 (inmate must show he did "all that was reasonable to exhaust" under the circumstances to be excused from exhaustion requirement).

When a party has failed to adequately support an assertion of fact in connection with a motion for summary judgment, the court has discretion to afford the party an opportunity to properly support that fact. *See* FED. R. CIV. P. 56(e)(1); *see also Archdiocese of*

*Milwaukee v. Doe,* 743 F.3d 1101, 1109 (7th Cir. 2014) (observing that "trial courts have considerable discretion in managing the course of litigation. . . . and this is no less true in the context of summary-judgment motions"). In the interest of justice, and in light of Freeman's *pro se* status, the court will grant him an opportunity to submit a sworn declaration or affidavit providing additional detail about his efforts to exhaust. The declaration or affidavit must address the specific issues identified below. He may provide other details pertaining to his efforts to exhaust that he believes are relevant to the court's consideration. He may also submit any documentation he has in his possession or can obtain pertaining to his efforts to exhaust the grievance process.

For the reasons set forth above, the plaintiff is **GRANTED** to and including **May 2, 2016**, to submit a sworn declaration or affidavit addressing the following issues:

(1) the date(s) when he first attempted to invoke the jail's formal grievance process;

(2) the date(s) he attempted to resolve his complaint informally;

(3) what specific actions he took to resolve his complaint informally;

(4) the date he attempted to file a formal grievance(s);

(5) what specific actions he took to file a formal grievance;

(6) the date he attempted to file any appeal(s).

(7) what specific issues he raised in those grievances(s) and appeal(s);

(8) to whom on the jail staff he gave each of his completed grievance(s) and appeal(s);

(9) the response(s) of jail staff, if any; and

(10) a detailed explanation of why his two grievances deemed untimely could not have been filed earlier.

The defendant is granted to and including **June 6, 2016**, to file a response to the plaintiff's submission. The defense motion seeking dismissal under 42 U.S.C. § 1997e(a) is **TAKEN UNDER ADVISEMENT** pending further ruling.

                                              **SO ORDERED**.

Dated: March 21, 2016

                                       s/ James T. Moody
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT