UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| de'CARLOS FREEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:14 CV 1989 |
| vs. | ) | |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTIONS COMMISSIONER, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

de'Carlos Freeman, a *pro se* prisoner, sues Major George Payne, claiming he used excessive force by making him inhale chemical agents at the Westville Correctional Facility on October 8, 2013. The defendant moves for summary judgment on the ground that Freeman failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (DE # 28.) For the reasons stated, the motion for summary judgment is granted.

I. BACKGROUND

The facts underlying this case were fully set forth in the prior order and need not be recounted here. (DE # 45.) Freeman tendered his original complaint for mailing on October 14, 2014. (DE # 2.) He was granted leave to proceed on an excessive force claim against Major Payne. (DE # 17.) He alleged that mace and tear gas were used to break up an altercation at Westville. Freeman claims he asked to be taken out of the room

-1-

where the chemical agents were used, but Major Payne ignored his request and required him to breathe in mace and tear gas for two hours before allowing him to go outside. (DE # 17 at 4.)

Thereafter, Major Payne moved for summary judgment. (DE # 28.) In connection with his motion, he submitted jail records showing that Freeman did not exhaust his administrative remedies about the alleged excessive force of Major Payne in October 2013. (Stobaugh Aff. ¶¶ 19-20; DE # 30-3, Grievances.) Based on these facts, the defendant requests dismissal pursuant to 42 U.S.C. § 1997e(a).

Freeman filed three responses, arguing in general terms that jail staff failed to document a timely formal grievance he submitted. (DE ## 38, 40, 41.) Freeman was given an opportunity to submit a sworn declaration or affidavit to provide additional details about his efforts to exhaust. (DE # 45 at 6.) Freeman then filed an "Affidavit of Fact," that was not sworn under oath or signed under penalty of perjury. (DE # 47.) In this document, he asserts that he filed a formal grievance by placing it in the prison's outgoing mailbox on October 8, 2013. (DE # 47, ¶¶ 1, 8.) He states that he did not receive a response to this grievance for months. (*Id.* at ¶¶ 9, 10.) Because he never received a response to his formal grievance, he did not file a grievance appeal. (*Id.* at ¶ 6.) Instead, he filed a second grievance on December 19, 2013.[1] (*Id.* at ¶ 10.) This was

---

[1] Tellingly, this purported second grievance is not against Major Payne nor does it concern being required to breathe in chemical agents. (See DE # 2-1 at 6.) Thus, this grievance could not be used to exhaust Freeman's claims here against Major Payne. See *Peterson v. Rogan*, No. 2:11-CV-0007, 2012 WL 4020996, * 3 (S.D. Ind. Sept. 12, 2012)(noting that a plaintiff's characterization of his grievances can be overcome by the grievance documents themselves). Because Freeman alleges the December 19, 2013, grievance is the same grievance as he allegedly submitted on October 8, 2013, it seems as though the

rejected as being untimely. (DE # 38 at 2.)

Major Payne filed a response to Freeman's filing, arguing that it should be stricken because it is not an admissible affidavit under 28 U.S.C. § 1746. (DE # 48.) Major Payne correctly points out that this purported affidavit is not admissible evidence in its current form; however, FED R. CIV. P. 56(C)(2) permits the consideration of evidence inadmissible in its present form so long as it could be admissible at trial. The statements contained in Freeman's "affidavit" about his efforts to exhaust his administrative remedies are within his personal knowledge, which he could testify to. Such testimony would constitute admissible evidence. Thus, the court will consider the contents of Freeman's "affidavit" in ruling on the motion for summary judgment.

## II. DISCUSSION

Major Payne argues that summary judgment is appropriate because the undisputed facts establish that Freeman did not exhaust his administrative remedies. The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *See Jones v. Bock,* 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative

---

October 8, 2013, grievance would be insufficient to grieve Freeman's claims against Major Payne, too. *Id.*

process has failed to exhaust state remedies." *Id.* at 1024.

There is a clear dispute as to whether Freeman ever filed a formal grievance on October 8, 2013. Nevertheless, even assuming Freeman submitted a formal grievance, Major Payne contends that the undisputed facts establish Freeman did not exhaust his administrative remedies because he failed to submit a grievance appeal. In response, Freeman contends that an appeal was unavailable to him because he did not receive a response to his grievance. Thus, the question is whether a grievance appeal was available to Freeman even though he never received a response to his formal grievance.

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo,* 548 U.S. 81, 102 (2006). In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances to exhaust. *Id.* at 812; *see also Schultz v. Pugh,* 728 F.3d 619, 621 (7th Cir. 2013) (plaintiff must demonstrate that a person of "ordinary firmness" would have been deterred from exhausting under the circumstances).

It is quite clear that a grievance appeal was available to inmates at Westville when they did not receive a response to their grievance. The defendant provided a copy of Westville's applicable grievance process. (DE 30-1, Stobaugh Aff. ¶ 7 & DE # 39-1, Standard Operating Procedure 00-02-301 ("Grievance Policy")). Under that policy, "[i]f the offender receives no grievance response within 25 working days of the day he or she submitted the grievance, he or she may appeal as though the grievance had been

denied." (DE # 39-1 at 23; Stobaugh Aff. ¶ 13.)

Viewing the summary judgment evidence in a light most favorable to Freeman, he placed a formal grievance in the prison mailbox on October 8, 2013, and did not receive any response for months. Under the IDOC policy, since Freeman was not provided with a response to his grievance, it was denied after 25 days, and he was able to appeal the decision. (Stobaugh Aff. ¶ 13; Grievance Process, p. 23.) Thus, even had Freeman filed a formal grievance that went unanswered, he was still required to exhaust his administrative remedies by filing a formal appeal. However, Freeman did not attempt to file an appeal. Freeman's failure to follow up and file a grievance appeal demonstrates that he did not utilize available remedies. *Pozo*, 286 F.3d at 1025.

There have been cases where the grievance process was deemed unavailable when officials did not respond to formal grievances; however, those cases differ from this case. In *Dole*, the grievance process was deemed unavailable when officials did not respond to the plaintiff's formal grievances. 438 F.3d at 809. There, the plaintiff received no response from the Administrative Review Board after he put his grievance in an envelope and placed the envelope in the "chuckhole" of his cell for the guard to pick up and mail. Importantly, the prison's grievance procedures were not clear about how an inmate could proceed if a timely filed grievance was lost. Thus, there was nothing more for Dole to reasonably do to exhaust his administrative remedies. Similarly, in *Brengettcy v. Horton*, the plaintiff filed formal grievances but did not hear anything back from prison officials. 423 F.3d 674 (7th Cir. 2005). The applicable grievance policy did

not instruct a prisoner on what he was to do when the prison officials failed to respond to his grievance. *Id.* at 682. Thus, under the policy, an inmate never gained the right to appeal from a grievance that never gets filed. *Id.* As a result, exhausting the grievance process was unavailable to Brengettcy.

Quite unlike the regulations in *Dole* - which were unclear on how to proceed when a grievance went unanswered - and *Brengettcy* - which were silent on how to proceed when a grievance went unanswered - the prison regulations in this case are clear. At Westville, if an inmate does not receive a response to his formal grievance within twenty-five days, it is deemed denied and he is able to appeal the decision. Thus, when Freeman's grievance went unanswered he could have and should have filed an appeal. But, he did not. Because Westville's regulations inform inmates of their right to file a grievance appeal when they do not receive responses to their formal grievances, Freeman should have filed an appeal. Thus, Defendant Payne has established that there were administrative remedies - a grievance appeal - available to Freeman which he never pursued.

Ultimately, the Seventh Circuit takes a strict compliance approach to exhaustion, and Freeman has not met the requirements by failing to file "complaints and appeals in the place, and at the time, the prison's administrative rules" require. *Pozo*, 286 F.3d at 1025. The evidence establishes that Freeman did not file an appeal, which was available to him. As such, he has failed to exhaust his administrative remedies and Major Payne is entitled to summary judgment.

**III. CONCLUSION**

For these reasons, the court:

(1) **GRANTS** the defendant's motion for summary judgment (DE # 28);

(2) **DENIES** the plaintiff's motion to deny defendant's motion for summary judgment (DE # 40); and

(3) **DISMISSES** Major Payne from this case **WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

            **SO ORDERED**.
Date: July 11, 2016

            s/ James T. Moody
            JUDGE JAMES T. MOODY
            UNITED STATES DISTRICT COURT